**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Darryl Anthony FISHER,**
**Defendant–Appellant.**

**No. 05–50601.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 18, 2006.*

Filed Dec. 19, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

585

Becky S. Walker, Esq., Los Angeles, CA, Brent G. Tabacchi, Colleen Crommett, Esq., Santa Ana, CA, for Plaintiff–Appellee.

Robert K. Weinberg, Esq., Irvine, CA, for Defendant–Appellant.

Before: KOZINSKI, O'SCANNLAIN, and BYBEE, Circuit Judges.

### MEMORANDUM **

Darryl Fisher pled guilty to possession of an unregistered firearm and was convicted. He appeals, challenging the district court's denial of his motion to suppress a shotgun seized during a search of his mother's car.

■ The district court did not err in denying Fisher's motion to suppress.

** This disposition is not appropriate for publication and may not be cited to or by the

"The proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure." *Rakas v. Illinois*, 439 U.S. 128, 131 n. 1, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *see also United States v. Singleton*, 987 F.2d 1444, 1449 (9th Cir.1993). By disclaiming ownership and access to the car, Fisher voluntarily abandoned the vehicle and lost his right to protest its search and the seizure therein. *See United States v. Nordling*, 804 F.2d 1466, 1469 (9th Cir.1986); *United States v. Huffhines*, 967 F.2d 314, 318 (9th Cir.1992).

■ Even if Fisher's denial of ownership and statements that he had no key to the car were insufficient to constitute "abandonment," the district court properly admitted the evidence under the automobile exception to the warrant requirement. "If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment thus permits police to search the vehicle without more." *Pennsylvania v. Labron*, 518 U.S. 938, 940, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996). "Probable cause to search exists when the known facts and circumstances are sufficient to warrant a reasonable person to conclude that contraband or evidence of a crime will be found." *United States v. Ibarra*, 345 F.3d 711, 716 (9th Cir.2003). In this case, a reasonable person could conclude that a search of the car would reveal an illegal firearm, based upon Fisher's conflicting stories and deceptive responses to the police officer.

The district court's judgment is hereby **AFFIRMED.**

courts of this circuit except as provided by 9th Cir. R. 36–3.